UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THIRD DEGREE FILMS,**

   **Plaintiff,**

       v.                      Civil Action No. 12-326 (CKK/JMF)

**JOHN DOE,**

   **Defendant.**

**MEMORANDUM ORDER**

This case has been referred to me for full case management. Pending and ready for resolution is plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [#3]. For the reasons stated below, the motion will be granted subject to the conditions specified in this Order.

Plaintiff, Third Degree Films, is the owner of the copyright for the motion picture "Teens in Tight Jeans." Complaint for Copyright Infringement [#1] ¶ 10. According to plaintiff, numerous individuals illegally downloaded and distributed its film over the Internet, in violation of the Copyright Act of 1976, 17 U.S.C. § §101 *et seq*.[1] Id. ¶¶ 14-33. Unlike the other BitTorrent[2] cases pending before me, however, plaintiff has not sued all the potential infringers. Instead, it has sued just one of them. While plaintiff does not know the defendant's identity,

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

[2] For a more detailed explanation of the BitTorrent technology and the problems of personal jurisdiction, venue, and improper joinder these BitTorrent cases present, see my August 6, 2012 Memorandum Opinion [#23] in West Coast Productions, Inc. v. Does 1-1434, Civil Action No. 11-55 (JEB/JMF).

referring to him as "John Doe," plaintiff has ascertained the Internet Protocol ("IP") addresses of his computer. Id. ¶¶ 37-38.  In its current motion, plaintiff seeks leave to serve a subpoena prior to the discovery conference required by Rule 26(f) of the Federal Rules of Civil Procedure.  The subpoena would be serviced on the defendant's Internet Service Provider ("ISP"), which would then "use the IP addresses [*sic*] to identify the defendant." [#3-1] at 3.

In my decision in West Coast, I articulated the many concerns I have in these BitTorrent cases.  While this case only involves, at this point, a single defendant, I remain concerned that plaintiff have a good faith basis to believe that this Court will be able to assert jurisdiction over the defendant and that venue will properly lie in this judicial district.  Accordingly, plaintiff's motion will be granted upon the following conditions:

1. Plaintiff may serve the Internet Service Provider ("ISP") with its Rule 45 subpoena commanding the ISP to provide plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the individual to whom the ISP assigned the subject IP address.  Plaintiff shall attach a copy of this Order as well as the attached Notice to its subpoena.

2. The ISP will forward a copy of this Order and the attached Notice to the Doe defendant.

3. If the Doe defendant does not reside in the District of Columbia, then plaintiff may only name him as an actual defendant (with his real name) if it meets the good faith requirements articulated in the Court's decision in West Coast, cited above.

4. Plaintiff will not engage in settlement discussions with the defendant once that individual has been identified.

It is therefore, hereby,

**ORDERED** that plaintiff's <u>Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference</u> [#3] is **GRANTED.**

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE